19556. McNEELY *v.* LAMB.

DECIDED AUGUST 24, 1929.

*Eason & Everitt,* for plaintiff in error. *H. C. Beasley,* contra.

STEPHENS, J. This is a suit in trover for the alleged conversion of a pair of mules and described farm produce consisting of corn and hay, in which the plaintiff obtained a money verdict. He testified that he sold the mules to the defendant for a certain price and retained the title thereto as security for the purchase-money, that the mules were of a certain value and were not paid for, that the produce sued for was produced by the defendant as a share cropper of the plaintiff, that there was no settlement between them, and that the defendant had not accounted to the plaintiff for the produce. The plaintiff denied having made certain alleged extrajudicial statements to the effect that the defendant did not owe him anything. The defendant testified that he sold the plaintiff some seed cane and peas of a certain value, and did certain work for the plaintiff, of a certain value, for none of which he was given credit, that the plaintiff had certain cotton ginned and sold it, and sold certain cottonseed, for none of which the defendant was given credit.

The defendant moved for a new trial upon the general grounds, and because of alleged newly discovered evidence that the plaintiff made similar extrajudicial statements to other people, to the effect that the defendant did not owe him anything, and also that the plaintiff acquired possession from the defendant of some sirup and hay made upon the land in question, and also warehouse records showing the weights of certain bales of cotton ginned for the plaintiff and the defendant, and also the record of the sale of cottonseed.

The evidence authorized the verdict found for the plaintiff, and the alleged newly discovered evidence was entirely cumulative of the evidence introduced upon the trial, and, if all of the newly discovered evidence could not have been discovered by ordinary diligence, it is reasonably inferable that the existence of the warehouse data as to the cotton ginned and seed sold was known to the defendant and could have been discovered by ordinary diligence. The newly discovered evidence is not of such a nature that its presentation before another jury would likely produce a different result. The trial judge did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*